Upon the effect of the admission of harmless evidence, see further, Smith v. Clarendon, 53 Hun, 638 ; Palmer v. Conant, 58 Id. 333 ; Mackey v. Rausch, 60 Id. 583 ; Weeks v. Becken, 51 Id. 643 ; P. E. P. Co. v. Coursey, 57 Id. 585 ; Read v. Nicholas, 118 N. Y. 224 ; Doyle v. Man. Ry. Co., 15 Daly, 475 ; Kramrath v. City of Albany, 53 Hun, 206 ; Korn v. N. Y. E. R. Co., 59 Id. 625 ; Fitzpatrick v. N. Y. &. M. B. R. Co., 53 Id. 629 ; De Graaf v. Wyckoff, 118 N. Y. 1 ; Akersloot v. S. A. R. R. Co., 56 Hun, 640 ; Lippus v. C. W. Co., 59 Id. 623.

---

JOHN CLARK, Respondent, v. THOMAS STEWART et al., Defendants, FRANK H. CLERGUE, Impleaded, etc., Appellant.

*Court of Appeals, June 23, 1891.*

1. *Trial. Damages.*—A party is entitled to the full benefit of the proper application of an erroneous rule of damages, which was acquiesced in by both sides on the trial.

2. *Appeal. Exceptions.*—The respondent is not entitled, at the general term, to argue a question, though raised by a proper objection and exception taken by him on the trial.

Appeal from a judgment of the general term of the second judicial department, which affirmed a judgment entered upon a verdict.

*J. D. Fessenden*, for appellant.

*Henry Daily, Jr.*, for respondent.

BROWN, J.—This action was to recover damages for the breach of a contract entered into between the parties, where-

by the defendant agreed to ship from Maine, to plaintiff in New York, during the summer of 1886, fifteen thousand tons of ice.

At the trial the plaintiff had a verdict for $8,918.60. The defendants moved for a new trial upon the judge's minutes, upon the ground that the verdict was for excessive damages and contrary to the law and evidence, and the denial of that motion presents the questions reviewable on this appeal.

It was provided in the agreement sued upon, that " either party refusing or failing to ship or accept said ice according to the terms of the contract, shall forfeit and pay to the other, as liquidated damages, one dollar and fifty cents per ton for the number of tons not shipped or not accepted," and in his complaint the plaintiff claimed to recover at the stipulated rate.

The court, however, at the trial, without objection from the plaintiff, received evidence of the sums paid by him to purchase in the market a quantity of ice equal to that which the defendants failed to deliver, and instructed the jury that instead of awarding the plaintiff the amount fixed in the contract as liquidated damages, that they should give the actual damages sustained, and that this was the difference between the price named in the contract and the sum paid by plaintiff, to make good the deficiency in the quantity agreed to be delivered ; and this sum the judge stated to the jury was ninety cents per ton. This statement was, however, subsequently qualified by the instruction made at the defendants' request, that " the shrinkage in the Maine ice should be added to the price in fixing the amount of damages."

It appeared that the shrinkage was the result of melting during the voyage to New York, and the plaintiff testified that it would amount to at least fifteen per cent. of the cargo. There was undelivered by the defendants under the contract 9,388 tons, and it is clear that under the instruction of the court the verdict cannot be sustained.

The contract was one for the sale and purchase of 20,000

tons of ice, of which 5,000 tons were to be delivered in 1885 and the balance in 1886. The defendants were under no obligation to deliver a stated quantity in New York, but their duty was fulfilled when the ice was shipped in Maine on board such vessels as the contract called for. The shrinkage from melting was therefore the plaintiff's loss.

The shrinkage being fifteen per cent, the total number of tons which would have been actually delivered at New York was 7,981. This was the real deficiency and the amount which defendant was entitled to purchase to make good his contract. But plaintiff was to pay $1.50 per ton according to the weight on board the vessel at the place of shipment, and as the deficiency at that point was 9,388 tons, the ice under contract would have cost $14,082.

The result of shrinkage was to increase the cost of the ice that would have been actually delivered in New York, and under the instruction of the court this increased price was to be added to the contract price in ascertaining the amount of damages. The amount of the increase was not given to the jury, but they were left to make the calculation themselves.

The problem is a simple one, and it is apparent that the effect of the shrinkage was to increase the cost of the ice that plaintiff would have actually received if the contract had been fulfilled from $1.50 to about $1.76 per ton.

The plaintiff testified that the cost of the ice purchased by him to make good the deficiency under the contract, making allowance for all shrinkage and wastage, was $2.40 per ton. The difference between these two sums, which, disregarding fractions, was sixty-four cents, represented his actual loss on each ton purchased, and amounted on 7,981 tons to $5,107.84, which was the most favorable verdict to which he was entitled upon the evidence and the law of the case as given to the jury without objection.

The case furnishes no basis for the verdict rendered and the defendants' motion was therefore well founded, but at

the general term he was denied the benefit of the proper application to the facts of the case of the rule of law held by the trial court on the ground that such rule was an erroneous one and that plaintiff was entitled to recover at the rate per ton stipulated in the contract. But no objection was taken by the plaintiff to the ruling of the trial court, and if he had objected and excepted inasmuch as he did not appeal, he was not entitled to argue that question to the general term.

The rule of damages stated by the trial judge was acquiesced in by both sides and the defendant should have the full benefit of its proper application to the case.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event unless the plaintiff stipulate to reduce the verdict to $5,107.84, and if such stipulation is filed within thirty days the judgment so reduced and modified is affirmed, without costs to either party in this court.

All concur.